UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRUSTEES OF THE IATSE NATIONAL HEALTH :
  AND WELFARE FUND, THE IATSE ANNUITY :
FUND, AND THE IATSE NATIONAL
PENSION FUND,                                  :

                          Plaintiffs,          :

           -against-                           :

HBO FILMS,                                     :

                          Defendant.           :

-------------------------------------------------------------X



08 CV 6401

COMPLAINT

ECF Case

        Plaintiffs, the Trustees of the IATSE National Health and Welfare Fund, the IATSE

Annuity Fund, and the IATSE National Pension Fund ("Trustees"), by and through their counsel,

Spivak Lipton LLP, bring this action to compel HBO Films ("HBO") to remit benefit fund

contributions, interest and liquidated damages owed pursuant to the Employee Retirement Income

Security Act of 1974, as amended ("ERISA").  Complaining of Defendant, Plaintiffs respectfully

allege as follows:

                                    JURISDICTION

        1.      This Court has jurisdiction of this action against the Defendant under

Sections 502(a)(3), 502(e)(1), 502(e)(2), and 502(f) of ERISA, 29 U.S.C. §§ 1132(a)(3),

1132(e)(1), 1132(e)(2), and 1132(f).

                                      PARTIES

        2.      At all relevant times Plaintiffs have administered and now administer the

IATSE National Health and Welfare Fund, the IATSE Annuity Fund, and the IATSE National

Pension Fund (collectively referred to as the "Funds").

3.     The IATSE National Pension Fund was established pursuant to a collective bargaining agreement in 1957 and by Agreement and Declaration of Trust of the Fund.  The IATSE Annuity Fund and the IATSE Health and Welfare Fund were established pursuant to a collective bargaining agreement in 1973 and by the Agreements and Declaration of Trust of the Funds.

4.     The Funds are "employee benefit" plans established under Section 302(c)(5) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), and within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The principal place where the Fund is administered is 417 Fifth Avenue, 3rd Floor, New York, New York 10018.

5.     The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with the International Alliance of Theatrical Stage Employes Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada ("IATSE") and its affiliated locals, to invest and maintain those monies, and to provide pension, health, and annuity benefits to those qualified to receive them.

6.     Upon information and belief, Defendant HBO is a corporation organized and existing under the laws of the State of California with its principal place of business at 2500 Broadway, Santa Monica, CA 90404.  It is an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12), and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12), and 1003(a)(1), and of Sections 2(2), 2(6), and 2(7) of the LMRA, 29 U.S.C. §§ 152(2), 152(6), and 152(7).

FACTS

7. Defendant is party to a Collective Bargaining Agreement with IATSE ("Collective Bargaining Agreement"), which obligates it to contribute to the Funds.  A copy of

2

relevant sections of the Collective Bargaining Agreement is attached as Exhibit A.

8.     Between September 1, 2006, and August 31, 2007, the Collective Bargaining Agreement required HBO to pay to the Funds $54.00 per covered employee per day. See id. Effective September 1, 2007, this amount increased to $57,00 per day. See id. The Fund office is permitted by contract to allocate this contribution among each of the three Funds.

9.     Additionally, effective September 1, 2006, HBO was required to contribute to the IATSE Annuity Plan an additional 1% of each employee's regular hourly rate for all hours worked or guaranteed. See id.

10.     Defendant is delinquent in its contributions to the Funds in an estimated principal amount of $9,827.95 for the period December 3, 2006, through December 9, 2007. Pursuant to the allocation of the Funds by the Funds Office, as permitted by contract, the amounts owed to each Fund are as follows: to the IATSE National Health and Welfare Fund, $4,710.00; to the IATSE Annuity Fund, $3,434.95; and to the IATSE National Pension Fund, $1,683.00.  These amounts, including interest and liquidated damages thereon, are still due and owing.

11.     Defendant's failure to make required payments is in violation of the Collective Bargaining Agreement, and the provisions of ERISA.  Plaintiffs seek enforcement of these provisions pursuant to Section 502(a)(3)(b)(ii) of ERISA, as amended by the Multiemployer Pension Amendments Act of 1980, 29 U.S.C. §§ 1132(a)(3)(b)(ii).

12.     As a result of the above described omissions and breaches of the Collective Bargaining Agreement by Defendant, Participants of the Funds are being deprived of health insurance to their substantial and irreparable injury.

13.     Plaintiffs, on their own behalf and on behalf of all employees for whose benefit the Funds were established, have requested the Defendant to perform its obligations, but the

3

Defendant has ignored said requests.

14.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless the Defendant is ordered to specifically perform all its obligations required under the Collective Bargaining Agreement and the Agreements and Declaration of Trust of the Fund, and is restrained from continuing to refuse to perform as thereunder required.

## STATEMENT OF CLAIM

### COUNT I

15.     Plaintiffs repeat and reallege all the allegations of Paragraphs 1 through 14 inclusive.

16.     Therefore, Defendant is liable to Plaintiffs under ERISA for delinquencies regarding its employees in the following approximate amounts:

(a)     An estimated $9,827.95 in unpaid contributions from December 3, 2006, through December 9, 2007;

(b)     Interest on all unpaid contributions;

(c)     Liquidated damages of 20 percent of the unpaid contributions;

(d)     Attorneys' fees; and

(e)     Costs of this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request entry of a Judgment against Defendant and in favor of Plaintiffs

(a)     for unpaid contributions to the Funds in an amount to be determined but estimated at $9,827.95 against Defendant, along with all additional unpaid

4

contributions as of the date of judgment pursuant to 29 U.S.C. § 1132(g)(2)(A);

(b)    for interest on said unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B);

(c)    for liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

(d)    for costs, including reasonable attorneys' fees, incurred in the prosecution of this action pursuant to 29 U.S.C. § 1132(g)(2)(D);

(e)    that Defendant be specifically ordered to pay to Plaintiffs the required contributions due and owing as of the present date, as well as all contributions that may be due and owing as of the date of entry of judgment, together with applicable interest, liquidated damages, costs and fees;

(f)    that this Court retain jurisdiction to enforce the Defendant's continuing obligations under the applicable provisions of the Collective Bargaining Agreement and the Agreement and Declaration of Trust of the Fund; and

(g)    for such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        July 16, 2008

SPIVAK LIPTON LLP
1700 Broadway, 21st Floor
New York, New York  10019
Tel:  (212) 765-2100
Fax:  (212) 765-8954

Attorneys for the Plaintiffs

By:_____
        Nicole Cuda Pérez (NP 6663)

5

## ARTICLE XX - CANCELLATION OF CALLS

In the event of cancellation for previously called employees, it is understood that if notification is not given by 3:00 p.m. or six (6) hours after the employee's call, whichever is later, then the employee shall be paid an eight (8) hour minimum call, unless (i) the cancelled call was for a travel only or wrap, in which case the employee shall be paid a four (4) hour minimum call; or (ii) the call was cancelled after the above notification period but prior to the completion of the previous days work for an event of force majeure, in which case no additional compensation will be due.

## ARTICLE XXI - HOLIDAYS

The following shall be recognized as holidays: New Year's Day, Martin Luther King Day, President's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, the day after Thanksgiving, and Christmas Day. Holidays are to be celebrated on the day they are officially celebrated. Weekly employees shall be paid for an unworked holiday falling within their regular work week. If the AMPTP agrees to a tenth holiday in its negotiations for the IATSE Basic Agreement, the DGA Basic Agreement or the SAG Basic Agreement, the Employer shall, from and after the date on which such tenth holiday becomes effective, recognize Good Friday as an additional holiday.

## ARTICLE XXII - BENEFITS

(a) The provisions of Article XI shall be applicable to employees hired by the Employer to perform services in the County of Los Angeles, or hired by the Employer in the County of Los Angeles to perform services outside the County of Los Angeles. The provisions of Article XI shall also be applicable to employees covered by the Local 800 (formerly Local 876) as specified

IAHBOFILMS2005AGMT.v1

- 13 -

Exhibit A

in the Local 800 Agreement. The foregoing shall include the payment of eight (8) hours of benefit contributions for each non-worked (idle) day spent on an overnight location. For non-Los Angeles based camera personnel, post-production personnel, publicists and Local 52 personnel where MPIP benefits apply and, upon the effective date of the merger of the Local 161 benefits plans with the Los Angeles motion picture industry plans, for Local 161 personnel for whom contributions shall be made to the Los Angeles motion picture industry contributions shall be made to the Los Angeles motion picture industry plans in the same manner and at the same contribution rates as are provided under the applicable agreements between the Union and the AMPTP for the major motion picture producers. For purposes of determining such rates and the impact thereon of prior supplemental markets contributions, the Employer shall be treated as a member of the Time-Warner family of companies and credited with such contributions as have been made by other members of that family of companies.

    (b)    For persons hired within the geographical jurisdiction of chartered Studio Mechanics Locals of the I.A.T.S.E., benefit contributions shall be made to the I.A.T.S.E. National Health and Annuity Funds as follows:

| | |
|---|---|
| Effective September 1, 2005 -- | $51.00 a day |
| Effective September 1, 2006 -- | $54.00 a day |
| Effective September 1, 2007 -- | $57.00 a day |

The I.A.T.S.E. may reallocate contributions at any time during the term of this Agreement, but in no event will the aggregate contribution exceed the maximums set forth above.

    (c)    For persons hired in the designated production cities listed below or elsewhere who are not otherwise covered above or within the jurisdiction of other Local Unions of the

I.A.T.S.E.,[3] having their own established benefit plans that meet the requirements of 29 U.S.C.

302, contributions shall be made to such benefit plans at the same rate uniformly required of

other contributing employers, not to exceed the following aggregate daily amount:

Effective September 1, 2005 —      $85.00 a day

Effective September 1, 2006 --     $88.00 a day
Effective September 1, 2007 --     $91.00 a day

Each Local may designate and reallocate contributions among its own established benefit plans,

but in no event will the aggregate contribution to each Local's plans exceed the maximums set

forth above.

The Production Cities include:     *Paid Higher Rate b/ Production City*

Chicago, Illinois
Cleveland, Ohio
Detroit, Michigan
District of Columbia (Washington, DC)
Orlando, Florida
San Francisco, California
St. Louis, Missouri
New York, New York

Exceptions to Production Cities benefits contributions:

Employees represented by Locals 52 and 161 will receive the Production City benefit

contribution rates as stated above when hired from and working outside the New York City

Metropolitan Area. Such contributions shall be paid to the I.A.T.S.E. National Benefit Funds.

Employees represented by Locals 52 and 161 working in the New York Metropolitan area, and

employees represented by Locals 52 and 161 hired in the New York Metropolitan area to

perform services outside such area shall have benefit contributions remitted to the Motion

---

[3] Including but not limited to IATSE Locals 764, 798 and USA829.

Picture Industry Pension and Health Plans on the same basis as provided for in their respective "Majors" agreements with the motion picture studios.

(d)    For persons covered by subparagraphs (b) and (c) of Article XXII, contributions shall be made to the IATSE Annuity Plan or applicable Local Union annuity plan as follows:

Effective September 1, 2005:  Two per cent (2%) of the employee's regular hourly rate for all hours worked or guaranteed.

Effective September 1, 2006:  An additional one per cent (1%) of the employee's scale basic regular hourly rate for all hours worked or guaranteed.

(e)  If an employee covered by this Agreement is eligible to participate in an IRS Qualified 401 (k) Plan sponsored by the IATSE or an IATSE Local Union, the Employer will honor the written authorization of such employee to deduct from the employee's gross wages the specified eligible amount to be remitted to such 401(k) Plan.  Either the Local Union sponsoring such 401(k) Plan or the Plan Administrator shall confirm in writing that employees are eligible to participate and shall provide any other information relevant to the proper administration of authorized employee contributions to the Employer or its designated payroll service who may be assigned administrative responsibility for this provision.  No Employer contribution shall be required by this Section.

(f)    The Employer will execute any documents required to constitute it an appropriate Employer contributor to any of the foregoing benefit plans.

## ARTICLE XXIII – BEREAVEMENT LEAVE

In the event of the death of an employee's parent, grandparent, grandchild, sibling, spouse or child, the employee shall be allowed up to three days off with pay, and his/her job shall be available upon return from bereavement leave.  Pay for per diem employees shall be based on a

IAHBOFILMS2005AGMT.v1                          - 16 -

may be prorated for the first and last weeks of employment and in connection with a production hiatus.

## ARTICLE XXVII – IATSE THEATRICAL AGREEMENTS

HBO Films agrees to execute the following IATSE motion picture production agreements: Theatrical Area Standards Agreement, Theatrical Low Budget Agreement, the Producer – IATSE Basic Agreement and the New York Production Locals Majors Agreements. In the event a motion picture is produced under the IATSE – HBO Films Agreement and is released theatrically, and covered employees would have been due additional compensation had their work been performed under the applicable agreement covering theatrical productions, the Employer shall pay the difference between the amount that was actually earned and the amount that would have been earned to each affected employee.

## ARTICLE XXVII - TERM AND EFFECTIVE DATE

This Agreement shall be generally effective as of September 1, 2005 and shall remain in full force and effect through August 31, 2008.

THE INTERNATIONAL ALLIANCE OF
THEATRICAL STAGE EMPLOYES,
MOVING PICTURE TECHNICIANS,
ARTISTS AND ALLIED CRAFTS OF THE
UNITED STATES AND CANADA,
AFL-CIO, CLC

HBO FILMS

By: _____
    International President

Its: _____

Dated: _____JUN 0 8 2006_____

By: _____

Its: _Senior Vice President_

Dated: _06/06/06_

IAHBOFILMS2005AGMT.v1